**R. Jack AYRES, Jr. and R. Jack Ayres, Jr., P.C., Relators,**

v.

**The Honorable Adolph CANALES, Judge, et al., Respondent.**

No. C–9501.

Supreme Court of Texas.

May 30, 1990.

Jack R. Ayres, Jr., Thomas V. Murto, III, Dallas, for relators.

Kevin J. Keith, Dallas, for respondent.

OPINION

GONZALEZ, Justice.

In this original proceeding, relators seek writ of mandamus directing the trial court

to withdraw its order prohibiting R. Jack Ayres, Jr., and other attorneys in his firm, R. Jack Ayres, Jr. P.C., from "verbally" participating in either the trial or pretrial depositions in a suit wherein relators are plaintiffs seeking a declaratory judgment. We hold that the trial court abused its discretion and conditionally grant the writ.

## FACTS

The underlying lawsuit giving rise to this proceeding involves an alleged oral agreement regarding a referral fee. Attorney Jerry Nix, the real party in interest, requested that R. Jack Ayres (Ayres) represent certain of his relatives in a case involving the death of their daughter. Ayres obtained a settlement in that case. Whereupon Nix requested that Ayres pay him one-third of the fee awarded to Ayres as a referral fee. Ayres filed a lawsuit seeking, among other things, a declaratory judgment that there was no referral fee agreement between Ayres and Nix.

During the pendency of the underlying lawsuit, Nix filed a motion to disqualify counsel seeking to prohibit members of Ayres' firm, R. Jack Ayres, Jr., P.C. (the firm), from representing either the firm or Ayres on the grounds that they are disqualified under State Bar Disciplinary Rules DR 5–101(B) and DR 5–102 because Ayres and another attorney with the firm, Thomas Murto III, are potential trial witnesses. The trial judge overruled the motion in part and ordered only that "neither R. Jack Ayres, Jr. nor any member of the firm R. Jack Ayres, Jr., P.C. shall verbally participate in the taking of any depositions, examination or cross-examination of witnesses or otherwise participate verbally in any proceeding in the presence of the jury."

## BASES FOR NIX'S MOTION TO DISQUALIFY

Prior to January 1, 1990, State Bar Disciplinary Rule DR 5–101 was in effect and provided in pertinent part:

(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship to the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, § 9, DR 5–101(B) (repealed January 1, 1990) [TEXAS CODE OF PROFESSIONAL RESPONSIBILITY]. Disciplinary Rule DR 5–102 provided:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

TEXAS CODE OF PROFESSIONAL RESPONSIBILITY DR 5–102. Nix asserts that these rules, which were in effect at the time his motion to disqualify was filed, preclude Ayres or any member of his firm from representing either Ayres or the firm.

■ A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by way of appeal is inadequate. *West v. Solito*, 563 S.W.2d 240, 244 (Tex.1978); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987). Applying this standard, we are presented with the following issues regarding representation in the underlying lawsuit: 1) whether Ayres may properly represent himself; 2) whether Ayres and/or Murto may represent their firm; 3) whether Murto may represent Ayres; and 4) whether non-testifying members of the firm may represent Ayres and the firm. We will address issues one and four separately, issues two and three together.[1]

### R. JACK AYRES, JR. PRO SE

Effective January 1, 1990, the State Bar of Texas adopted the new Disciplinary Rules of Professional Conduct. Rule 3.08, which replaces DR 5-101 and DR 5-102, provides in pertinent part:

(a) A lawyer shall not accept or continue *employment* in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) *the lawyer is a party to the action and is appearing pro se;* or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work a substantial hardship on the client.

SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, § 9, Rule 3.08 (1990) (emphasis added) [TEXAS RULES OF PROFESSIONAL CONDUCT]. The trial judge signed the order precluding Ayres from "verbally" participating in the trial and depositions on January 31, 1990, which is after the effective date of Rule 3.08. Subparagraphs (a) and (a)(4) of Rule 3.08 are clearly pertinent[2] to these facts since

---

1. We note that the advocate-witness rule has long been an issue for bench and bar. *See, e.g.* E. WEEKS, A TREATISE ON ATTORNEYS AND COUNSELLORS AT LAW § 124 (1878); ABA CANON OF PROFESSIONAL ETHICS 19 (1908); G. WAREVILLE, ESSAYS IN LEGAL ETHICS § 192 (1920); H. JESSUP, A STUDY OF LEGAL ETHICS (1925); AMERICAN BAR ASSOCIATION OPINIONS ON PROFESSIONAL ETHICS (1967); C. WOLFRAM MODERN LEGAL ETHICS § 7.5 (1986) [hereinafter WOLFRAM]; R. UNDERWOOD & W. FORTUNE TRIAL ETHICS § 4.1 *et seq.* (1988) [hereinafter UNDERWOOD & FORTUNE]. The prohibition against allowing an attorney serve as both advocate and witness in judicial proceedings has not been without criticism. *See, e.g., Lewis, The Ethical Dilemma of the Testifying Advocate: Fact or Fancy?*, 19 Hous.L.Rev. 75 (1981) [hereinafter Lewis]; Brown & Brown, *Disqualification of the Testifying Advocate—A Firm Rule?*, 57 N.C.L. Rev. 597 (1979) [hereinafter Brown & Brown].

2. Ayres does not argue that the trial court lacked power to disqualify him or his firm. *See Borden, Inc. v. Wallace*, 570 S.W.2d 445, 449-50 (Tex.Civ.App.—El Paso 1978, writ dism'd w.o.j.) (holding that prohibiting counsel from representing a client because a conflict of interest is a matter for the State Bar Grievance Committee and not the district court). We have held in

related circumstances that the trial court has not only the power but also the duty to disqualify counsel when representation of the client is prohibited by the rules of professional conduct. *See NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 399-400 (Tex.1989); *P & M Electric Co. v. Godard*, 478 S.W.2d 79, 80-81 (Tex.1972). We disapprove *Borden* to the extent it suggests otherwise.

Comment nine to Rule 3.08, however, states that the rule is intended to serve as a disciplinary rule and that it is not well-suited as a procedural rule of disqualification. Likewise, the preamble to the Texas Rules of Professional Conduct states that the rules are not designed to be standards for procedural decisions. *See* TEXAS RULES OF PROFESSIONAL CONDUCT, Preamble ¶ 15. Nevertheless, the rule articulates considerations relevant to a procedural disqualification determination, and a trial court order that disqualifies an attorney in order to prevent violation of Rule 3.08 is appropriate when warranted. *See NCNB Texas Nat'l Bank*, 765 S.W.2d at 399; *P & M Electric Co.*, 478 S.W.2d at 80-81; *Pearson v. Parsons*, 541 So.2d 447, 452-53 (Miss.1989); WOLFRAM § 7.5.1; Annotation, *Disqualification Of Attorney Because Member Of His Firm Is Or Ought To Be Called As A Witness In Case*, 5

Ayres did not accept employment in the underlying lawsuit and because he is a party seeking to appear pro se.

■ Comment six to Rule 3.08 states that subparagraph (a)(4) of the rule is included to protect an attorney's right to self representation; no exceptions to this right are enumerated. Thus, it is clear that it is not violative of Rule 3.08 to permit Ayres to represent himself in the underlying suit.

■ Ayres relies primarily upon Texas Rule of Civil Procedure 7, which states that "[a]ny party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." Ordering a party to be represented by an attorney violates Rule 7. *Ex parte Shaffer,* 649 S.W.2d 300, 302 (Tex.1983). While the trial judge did not explicitly order Ayres to obtain outside counsel, his order leaves Ayres no choice but to do so. We hold that the trial judge has abused his discretion by preventing Ayres from participating in the underlying suit on his own behalf because such an order contravenes Texas Rule of Civil Procedure 7 and because it is inconsistent with TEXAS RULE OF PROFESSIONAL CONDUCT 3.08(a) and (a)(4).

### RELATORS' RIGHT TO BE REPRE-SENTED BY COUNSEL OF THEIR CHOICE

The language of the trial court order would prevent Ayres and/or Murto from serving as counsel for the firm and would prevent Murto from representing Ayres. Nix contends that such disqualification is required under the now repealed Texas Code of Professional Responsibility rules DR 5–101 and 5–102. Ayres asserts simply that one is entitled to be represented by counsel of his own selection. *See Swartz v. Swartz,* 76 S.W.2d 1071, 1072 (Tex.Civ. App.—Dallas 1934, no writ).

Rule 3.08 provides that an attorney may be counsel for a client as well as a witness at trial if the attorney has promptly notified opposing counsel of his dual role and disqualification would work substantial hardship on the client. TEXAS RULE OF PRO-FESSIONAL CONDUCT 3.08(a)(5). Comment seven to Rule 3.08 explains that this subsection of the rule is based upon a balancing[3] of the interest of the client in being represented by counsel of his or her choice with the interests of the opposing party; for example, the opposing party may be unfairly prejudiced in some situations where an attorney for a party testifies as to a contested matter.[4]

■ Comment ten to Rule 3.08, however, states that the rule should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice because reducing the rule to such a use would subvert its

A.L.R.4th 574, 576 (1981). Indeed, it would be injudicious for this court to employ a rule of disqualification that could not be reconciled with the Texas Rules of Professional Conduct. Accordingly, we will refer to the rule for guidance in determining whether the trial court abused its discretion in preventing Ayres from representing himself.

3. *See McElroy v. Gaffney,* 129 N.H. 382, 529 A.2d 889, 893 (1987) (" '[A] balancing is required between the interests of the client and those of the opposing party ... [d]ue regard must be given to the effect on the lawyer's client.' "); *Cossette v. Country Style Donuts, Inc.,* 647 F.2d 526, 530 (5th Cir.1981) (" '[T]he rule of disqualification is not mechanically applied in this circuit' ").

4. The opposing party may be handicapped in challenging the credibility of the testifying attorney. Brown & Brown, *supra* note 1, at 608–09. Perhaps the most common justification given

for the advocate-witness rule is that when an attorney representing a party also serves as a witness and testifies as to a controversial or contested matter, there exists a potential danger that the jury will confuse the roles of counsel. "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." TEXAS RULE OF PROFESSIONAL CONDUCT 3.08, comment 4; *see also United Pacific Ins. Co. v. Zardenetta,* 661 S.W.2d 244, 247–48 (Tex.App.—San Antonio 1983, no writ); *Bert Wheeler's v. Ruffino,* 666 S.W.2d 510, 513 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Pearson v. Parsons,* 541 So.2d 447, 452 (Miss.1989); WOLFRAM § 7.5; UNDERWOOD & FORTUNE § 4.1 *et seq.;* Brown & Brown, *supra* note 1, at n. 59 and accompanying test; *but see* Lewis, *supra* note 1, at 86–87; J. Sutton, *The Testifying Advocate,* 41 Tex.L.R. 477, 480–81 (1963).

purpose. *See also* TEXAS RULES OF PROFESSIONAL CONDUCT, Preamble at ¶ 15. In order to prevent such misuse of the rule, the trial court should require the party seeking disqualification to demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles. *See* TEXAS RULE OF PROFESSIONAL CONDUCT 3.08, Comment 10. Nix did not demonstrate that he would actually be prejudiced by Ayres and Murto serving as both counsel and witness or that there was any other compelling basis for disqualification. Thus, we hold that the trial court committed a clear abuse of discretion in precluding Ayres from serving as both a party-witness and counsel for the firm and in precluding Murto from serving as both a witness and counsel for Ayres and the firm.

### OTHER MEMBERS OF THE FIRM

We must now decide whether the trial court abused its discretion by prohibiting members of the firm other than Ayres and Murto from "verbally" participating in depositions and the trial of the underlying action. Nix asserts that non-testifying members of the firm are precluded from participation by the now repealed rules DR 5–101 and 5–102.[5]

■ Subparagraph (c) of and comment eight to Rule 3.08, which replaced DR 5–101 and DR 5–102, make it clear that another lawyer in a testifying lawyer's firm may act as an advocate if the client's informed consent is obtained. TEXAS RULE OF PROFESSIONAL CONDUCT 3.08(c); comment 8. Although the testifying lawyer, Ayres, and his law firm are both parties to the suit, given the distinct facts of this case, we do not believe that the disqualification of non-testifying members of the firm was warranted.[6] *See McElroy v. Gaffney*, 129 N.H. 382, 529 A.2d 889, 894 (1987) ("[I]n

applying the disqualification rule, care must be taken 'to prevent literalism from ... overcoming substantial justice to the parties.'") (citation omitted); *Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526, 530 (5th Cir.1981) (refusing to mechanically apply attorney-witness disqualification rule); *Borman v. Borman*, 378 Mass. 775, 393 N.E.2d 847, 856 (1979) (under disciplinary rule DR 5–102, members of a law firm are not disqualified solely because another member of the firm is a party to the litigation and will testify). Nix simply failed to show that he has any interest other than tactical maneuvering in obtaining disqualification of non-testifying members of the firm. *See* TEXAS RULE OF PROFESSIONAL CONDUCT 3.08, Comment 10; *McElroy*, 529 A.2d at 894 ("[W]e would be less than candid were we not to recognize that disqualification motions 'are often simply common tools of the litigation process ... used ... for purely strategic purposes.'") (citation omitted). Accordingly, the trial judge committed a clear abuse of discretion in issuing an order that prevents non-testifying members of the firm from representing Ayres and the firm.

We conditionally issue the writ of mandamus directing the trial court to withdraw its order. The writ will issue only if the trial court fails to set aside its order.

---

**5.** Ayres and the firm contend that Texas State Bar Ethics Opinion number 368 indicates that an attorney may represent his law partner or associate in a suit where the law partner or associate is both a party and a material witness. Texas State Bar Committee on Ethics, Op. No. 368 (March 1974) (published at 37 Tex.B.J. at 526–27 (1974)). In Ethics Opinion number 368, the Texas State Bar Committee on Ethics decided that, under DR 5–101(B), an attorney may

represent his law partner or associate in a suit where the law partner or associate is a party, even though such law partner or associate is expected to be called as a witness during the trial of the cause.

**6.** We do not, of course, foreclose the possibility that a different result would be warranted under different facts.