NO.
12-06-00397-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: JOSEPH M. MARTEL, SR.,           §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Joseph
M. Martel, Sr. seeks a writ of mandamus directing Respondent, the Honorable
Carole W. Clark, Judge of the 321st Judicial District Court, Smith County,
Texas, to vacate her order denying Joseph’s motion to disqualify Samuel M.
George as attorney for Jane Martel, the real party in interest.  For the reasons set forth below, we deny the
petition.

 

Background

            Joseph filed a petition in the trial
court seeking to modify the conservatorship and terms of possession of Austin
Thomas Martel, one of the children born to Joseph and Jane during their
marriage.  Approximately two months
later, Jane took Austin to George’s office where George met with Austin.  Jane 
was not present at the meeting, but was in the building.  

            On
September 27, 2006, at a hearing on temporary orders, several witnesses
testified about the meeting between Austin and George.  Jane testified that she took Austin to meet
with George so that George could “explain his rights to him.”  She explained that Austin had been told that
Joseph would put him on the stand, that he could be represented by his own
attorney, that he could have his own legal advice, and that he could do as he
pleased and get on the stand.  She said
Austin had also been told that he could be represented by George and that she
would have to pay for it.  According to
Jane, Austin said Joseph told him these things. 
She also testified that she told Austin she was taking him to George’s
office because George could answer his questions, and Austin replied, “That’s
fine.”  Jane testified that George and
Austin met for approximately ten minutes and that she noticed no change in
Austin’s demeanor after the meeting.  She
further stated that Austin went to sleep in the car immediately after the
meeting.  

            Daphne
Martel, Joseph’s present wife, described her conversation with Austin about his
meeting with George.  According to
Daphne, Austin said George had frightened him, threatened him, made him read
out of a “large book,” and stated several times using profane language that he
hated Joseph.  Joseph testified that
Austin “feels intimidated as a witness” as a result of his meeting with
George.  George testified that he met
with Austin and read to him from the Texas Family Code.  He strongly denied using “foul language” in
the meeting and said he told Austin he felt sorry for him.  He also denied giving Austin legal advice,
but stated that he “told him what his rights were.”  Thereafter, Joseph filed a motion to disqualify
George alleging as grounds  that George
had become a witness in the case and, alternatively, that by their meeting,
George established an attorney-client relationship with Austin, who is adverse
to Jane in the case.  

            After
a hearing, the trial court denied Joseph’s motion to disqualify George.  Joseph then filed a petition for writ of
mandamus in this court.  He also filed a
motion for emergency relief, which we denied.

Availability of Mandamus

            A
writ of mandamus will issue only if the trial court has committed a clear abuse
of discretion and the relator has no adequate remedy by appeal.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005).  The
trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law or if it
clearly fails to correctly analyze or apply the law.  Id. 
The denial of a motion to disqualify counsel is a proper subject for
mandamus review.  See Nat’l Med.
Enters., Inc. v. Godbey, 924 S.W.2d 123, 128 (Tex. 1996).

Disqualification of Counsel

            Disqualification
of counsel is a severe remedy.  In
re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002).  It can result in immediate and palpable harm,
disrupt trial court proceedings, and deprive a party of the right to have
counsel of choice.  Id.  Accordingly, in ruling on a motion to
disqualify, the trial court must adhere to an exacting standard to discourage
use of disqualification as a dilatory trial tactic.  In re Meador, 968 S.W.2d 346,
350 (Tex. 1998).  When deciding
disqualification issues, Texas courts have often looked to the Texas
Disciplinary Rules of Professional Conduct. 
See, e.g., id.; In re T.E.D., No.
12-06-00143-CV, 2006 WL 2106971, at *2 (Tex. App.–Tyler July 31, 2006,
orig. proceeding) (mem. op.).  The
disciplinary rules do not determine whether counsel is disqualified, but
provide guidelines and suggest the relevant considerations.  In re EPIC Holdings, Inc., 985
S.W.2d 41, 48 (Tex. 1998).  

            In
moving to disqualify a party’s counsel of choice, the movant bears the burden
of establishing that disqualification is justified.  See id. at 60.  Mere allegations of unethical conduct or
evidence showing a remote possibility of a violation of the disciplinary rules
will not suffice to merit disqualification. 
In re Cerberus, 164 S.W.3d 382.

 

Abuse of Discretion

            Joseph
first alleges that George is disqualified because he has become a witness in
the case. As support for this conclusion, Joseph cites Texas Disciplinary Rule
of Professional Conduct Rule 3.08, subsections (a) and (b).  

Lawyer as Witness

            Rule
3.08, subsection (a) prohibits a lawyer from continuing employment as an
advocate in a pending adjudicatory proceeding if the lawyer knows or believes
that the lawyer is or may be a witness necessary to establish an essential fact
on behalf of the lawyer’s client.  Tex. Disciplinary R. Prof’l Conduct
3.08(a), reprinted in Tex. Gov’t
Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9).  Joseph alleges that the factual dispute about
what occurred in George’s meeting with Austin will be a “subject” at
trial.  However, he does not identify any
essential fact that must be established on Jane’s behalf for which George’s
testimony is necessary.  Moreover, even
if he had shown necessity as required by Rule 3.08(a), he must also demonstrate
actual prejudice to himself resulting from George’s service as both lawyer and
witness.  See In re Sanders,
153 S.W.3d 54, 57 (Tex. 2004); Ayres v. Canales, 790 S.W.2d 554,
558 (Tex. 1990).  Joseph has failed to
show any such prejudice.[1] 
Therefore, he has not shown that George is disqualified under Rule
3.08(a).

            Subsection
(b) of Rule 3.08 prohibits a lawyer from continuing as an advocate in a pending
adjudicatory proceeding if the lawyer believes the lawyer will be compelled to
furnish testimony that will be substantially adverse to the lawyer’s client,
unless the client consents after full disclosure.  Tex.
Disciplinary R. Prof’l Conduct 3.08(b), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G
app. A (Vernon 2005) (Tex. State Bar R. art.
X, § 9).  Jane opposed Joseph’s
disqualification motion in the trial court and opposes Joseph’s attempt in this
proceeding to require George’s disqualification.  Nothing in the record suggests that Jane has
not consented to George’s continued representation after full disclosure.  Because Joseph has not shown the absence of
Jane’s informed consent to George’s continued representation, he has not
established that George is disqualified under Rule 3.08(b).

Conflict of Interest

            Joseph
further argues that George should be disqualified because he has a conflict of
interest.  See Tex. Disciplinary R. Prof’l Conduct
1.06, reprinted in Tex. Gov’t
Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9).[2]  This argument is based upon the premise that,
as a result of his meeting with Austin, George established an attorney-client
relationship with Austin.  Joseph reasons
that because both Austin and Jane are George’s clients, and Austin is adverse
to Jane, George cannot continue to represent Jane.  

            The
attorney-client relationship is a contractual relationship whereby an attorney
agrees to render professional services for a client.  Honeycutt v. Billingsley, 992
S.W.2d 570, 581 (Tex. App.–Houston [1st Dist.] 1999, pet. denied).  The relationship may be expressly created by
contract, or it may be implied from the actions of the parties.  Id. 
It is necessary that the parties either explicitly or implicitly
manifest an intention to create an attorney-client relationship.  Hill v. Bartlette, 181 S.W.3d
541, 547 (Tex. App.–Texarkana 2005, no pet.). 
Joseph does not argue that George and Austin expressly created an
attorney-client relationship.  Instead,
he argues that such a relationship must be implied because George explained
Austin’s rights to him and read to him from the Family Code.  However, Joseph does not cite any case or
other authority showing that these acts, without more, are sufficient to create
an attorney-client relationship, nor have we been able to locate any such
authority.  More importantly, Austin is
13 years old and does not have the legal capacity to employ an attorney.  See Byrd v. Woodruff, 891
S.W.2d 689, 704 (Tex. App.–Dallas 1994, writ dism’d by agr.) (minor is without
legal capacity to employ an attorney); see also Tex. Civ. Prac. & Rem. Code Ann. § 129.001 (Vernon 2005)
(age of majority in Texas is 18 years). 
Joseph does not explain by what authority the trial court could have
implied the creation of a relationship that Austin could not have expressly
created by contract.  Therefore, he has
not shown that George is disqualified under Rule 1.06.

Disposition

            Joseph
did not meet his burden to establish that George should have been
disqualified.  Therefore, we conclude
that the trial court did not abuse its discretion in denying Joseph’s motion to
disqualify George.  Accordingly, the
petition for writ of mandamus is denied.  On January 4, 2007, Joseph filed a second
motion for emergency relief.  This
opinion renders the motion moot, and we therefore overrule it.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered January 8, 2007.

Panel consisted of
Worthen, C.J. and Hoyle, J.

Griffith, J., not
participating.

(PUBLISH)











[1] In fact, the trial court could have concluded
that Joseph expects to benefit from George’s testimony.





[2] Rule
1.06 provides, in pertinent part, as follows:

 

(a)  A lawyer shall not represent opposing parties
to the same litigation.

 

(b)  In other situations and except to the extent
permitted by paragraph (c), a lawyer shall not represent a person if the
representation of that person:

 

(1)  involves a substantially related matter in
which that person’s interests are materially and directly adverse to the
interests of another client of the lawyer or the lawyer’s firm; or

 

(2)  reasonably appears to be or become adversely
limited by the lawyer’s or law firm’s responsibilities to another client or to
a third person or by the lawyer’s or law firm’s own interests.

 

Tex. Disciplinary R. Prof’l
Conduct 1.06 (a), (b), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 2005)
(Tex. State Bar R. art. X, § 9).