TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00786-CV






In re Rita King






ORIGINAL PROCEEDING FROM HAYS COUNTY




O R D E R


 

 Rita King has filed a motion for rehearing of our denial of her petition for writ of
mandamus requesting an explanation of the reasons for the denial. In her petition for writ of
mandamus, King presented a single issue: "Whether after three years of going to court relator is
entitled to mandamus to compel a right to relief where abuse of discretion has happened and relator
has no other remedy at law." In her prayer for relief, she requested that this Court grant her the deed
and title to certain real estate, spousal maintenance, an award of damages for mental anguish and
stress, and any other appropriate relief.

 We denied the petition because the relief King requests is not within our power to
grant on mandamus. Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. In re Kuntz, 124 S.W.3d 179,
180-81 (Tex. 2003). Some of the issues King raises--such as errors in procedure leading up to a
prior judgment or rejection of the attempt to use the prior judgment to support a claim of
res judicata--were rendered moot by the granting of her motion for new trial (1) following the
prior judgment of which she complained. See Markowitz v. Markowitz, 118 S.W.3d 82, 88
(Tex. App.-- Houston [14th Dist.] 2003, pet. denied) ("Granting a new trial has the legal effect
of vacating the original judgment and returning the case to the trial docket as though there had
been no previous trial or hearing."). Similarly, this Court can grant no mandamus relief
concerning King's complaint about bias by a judge who has recused himself--the judge is no
longer on the case.  King's requests for relief on the merits of her divorce action--property,
spousal support, damages--are not properly reviewed by mandamus.

 King complains about the court's handling of documents she wishes to file and about
its refusal to schedule hearings until she retains counsel. Ordering a party in a civil case to be
represented by an attorney is contrary to Texas Rule of Civil Procedure 7. See Ayres v. Canales,
790 S.W.2d 554, 557 (Tex. 1990); Ex parte Shaffer, 649 S.W.2d 300, 302 (Tex.1983). We note
that we do not have the full record before us to know the basis for the court's ruling.
Regardless, these complaints do not show an abuse of discretion by the trial court that
empowers or requires this Court to grant King the relief she requested--issuance of a writ
of mandamus ordering the trial court to render judgment granting King title to real estate,
spousal maintenance, and mental anguish and stress damages.

 




 We overrule King's motion for rehearing of our denial of her petition for
writ of mandamus.



 

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: March 30, 2007
1. Our recitation of occurrences at the trial court is based on our understanding of those
proceedings as set out in King's petition for writ of mandamus.