Opinion issued September 22, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00474-CV

———————————

In re Barbara Villasanta, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

Relator,
Barbara Villasanta, petitions for mandamus relief from the trial court’s order
disqualifying attorney Lorri Meraz Grabowski from representing Barbara in the
underlying divorce case.[1]  

 

Background

          Barbara’s husband, Ricaurte
Villasanta, filed a petition for divorce. 
Barbara and Ricaurte have two adopted children.  For some time during the divorce proceedings,
the children were placed in the custody of Child Protective Services.  Barbara, asserting that the children’s needs
were not being met in their foster home, moved to modify the children’s CPS placement.  Her attorney, Grabowski, verified that
motion, swearing that the facts stated in it were “true and correct to the best
of [her] knowledge.”

          Ricaurte
responded to the motion by seeking Grabowski’s disqualification on the ground
that her verification of the facts stated in the motion made it “reasonable to
assume” that she would be a witness in the case and precluded her from
representing Barbara.  Ricaurte’s request
for disqualification was not accompanied by any supporting evidence or specific
allegations as to the essential facts that required Grabowski’s testimony.  Barbara disputed that Grabowski was a
necessary witness and presented the trial court with other evidence supporting
the facts stated in the motion, including Barbara’s own affidavit, the
affidavit of the children’s foster mother, and the affidavit and report of the
guardian ad litem.  After considering
Barbara’s and Ricaurte’s arguments at an oral hearing, the trial court disqualified
Grabowski.  

 

Discussion

Standard of Review

          “Mandamus
is appropriate to correct an erroneous order disqualifying counsel because
there is no adequate remedy by appeal.”  In re Sanders, 153 S.W.3d 54, 56 (Tex. 2004).  

Attorney Disqualification

When a lawyer is or may be a
witness necessary to establish an essential fact, Texas Disciplinary Rule of
Professional Conduct 3.08 prohibits the lawyer from acting as both an advocate
and a witness in an adjudicatory proceeding. 
See Tex. Disciplinary R. Prof’l Conduct 3.08(a).  Rule 3.08 was “promulgated as a disciplinary
standard rather than one of procedural disqualification, but [Texas courts]
have recognized that the rule provides guidelines relevant to a disqualification
determination.”  See Sanders, 153 S.W.3d at 56 (citing Anderson Producing Inc. v. Koch Oil Co., 929 S.W.2d 416, 421 (Tex.
1996)).  

“Disqualification is a severe
remedy.”  Spears v. Fourth Court of Appeals, 797 S.W.2d 654, 656 (Tex. 1990).  It can result in immediate and palpable harm,
disrupt trial court proceedings, and deprive a party of the right to have
counsel of choice.  In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002).  Consequently, in considering a motion to
disqualify, the district court must strictly adhere to an exacting standard to
discourage a party from using the motion as a dilatory tactic.  Spears,
797 S.W.2d at 656; see also Tex. Disciplinary R. Prof’l Conduct 3.08
cmt. 10 (stating that a lawyer “should not seek to disqualify an opposing
lawyer by unnecessarily calling that lawyer as a witness”).  “Mere allegations of unethical conduct or
evidence showing a remote possibility of a violation of the disciplinary rules
will not suffice” to merit disqualification. 
Spears, 797 S.W.2d at 656.  

It is only appropriate to
disqualify an attorney due to her status as a potential witness if the
attorney’s testimony is “necessary to establish an essential fact.”  Tex.
Disciplinary R. Prof’l Conduct 3.08(a); Sanders, 153 S.W.3d at 57.  The
fact that a lawyer serves, or may serve, as both an advocate and a witness does
not in itself compel disqualification.  See Ayres v. Canales, 790 S.W.2d 554,
557-58 (Tex.
1990); In re Chu, 134 S.W.3d 459, 464
(Tex. App.—Waco 2004, orig. proceeding); May
v. Crofts, 868 S.W.2d 397, 399 (Tex. App.—Texarkana 1993, orig.
proceeding).  Rather, the party
requesting disqualification must demonstrate that the opposing lawyer’s dual
roles as attorney and witness will cause the party actual prejudice.  Ayres,
790 S.W.2d at 558; see also In re B.L.H.,
No. 01-06-00817-CV, 2008 WL 864072, at *3 (Tex. App.—Houston [1st Dist.] Mar.
27, 2008, orig. proceeding).  

Here, Ricaurte seeks to disqualify
opposing counsel based on her verification of a motion to modify the children’s
CPS placement.  Ricaurte asserts that by
verifying that the facts stated in the motion were true and correct to the best
of her knowledge, Grabowski made herself a witness in the case, and it is
reasonable to assume she will testify.  But
Ricaurte did not show that Grabowski’s testimony is necessary to establish any
essential fact.  Sanders, 153 S.W.3d at 57. 
His assertions as to the necessity of Grabowski’s testimony were made without
any specific reference to essential facts, and the record shows various other
sources of the same information that Grabowski stated in her verified motion.  See id.
at 57-58
(rejecting argument that attorney disqualification was required where same
information could be obtained from other sources).  The foster mother and the guardian ad litem
both addressed, by affidavit, the emotional and physical well-being of the
children in their CPS placement.  The
record also suggests that Barbara herself could testify to some of the facts
that motivated her decision to seek a new CPS placement for the children.  We are not persuaded that Grabowski’s mere
verification of facts under these circumstances precludes her from continuing
to serve as Barbara’s attorney.  We also
note that Ricaurte made no showing of prejudice or harm relating to Grabowski’s
continued representation of Barbara.  See id. (citing Ayres, 790
S.W.2d at 558).  We hold that Ricaurte’s
request did not meet the exacting standards by which motions to disqualify
opposing counsel must be judged, and the trial court’s order disqualifying
Grabowski from serving as Barbara’s attorney constitutes an abuse of discretion
for which there is no adequate remedy by appeal.  See
Sanders, 153 S.W.3d at 56.   

Conclusion

          We
direct the trial court to vacate its order disqualifying Grabowski from
representing Barbara in the underlying divorce proceedings.  Our writ of mandamus will issue only if the
trial court does not comply.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

 











[1]
          The underlying case is In the Matter of the Marriage of Ricaurte Villasanta
and Barbara Villasanta and In the Interest of D.A.V. and C.I.V., Children,
No. 2009-78240, in the 257th District Court of Harris County, Texas, the
Honorable Judy Warne presiding.