**Motion Denied as Moot; Petition for Writ of Mandamus Granted and Memorandum Opinion filed April 19, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00311-CV

## IN RE MARGARET DIANE STONE, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 387th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 11-DCV-190152**

## MEMORANDUM OPINION

On April 10, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Brenda Mullinix, presiding judge of the 387th District Court of Fort Bend County, to vacate her order signed April 2, 2013, disqualifying relator's attorney in the

proceeding below.  Relator also filed an emergency motion for stay.  A response was requested but none was filed.

In the divorce proceeding below, relator's husband moved to disqualify her attorney.  Following a hearing, the trial court granted the motion.  In her petition, relator claims the trial court abused her discretion.

We first note that mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *See In re Epic Holdings, Inc.,* 985 S.W.2d 41, 52 (Tex.1998) (orig. proceeding).   In determining whether the trial court abused its discretion with respect to resolution of factual matters, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Id.* at 840.

"When a lawyer is or may be a witness necessary to establish an essential fact, Texas Disciplinary Rule of Professional Conduct 3.08 prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).  Disqualification is a severe remedy that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *See Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990) (orig. proceeding); and *In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 423 (Tex.2002) (orig. proceeding).  Disqualification is appropriate only if the lawyer's testimony is "necessary to establish an essential fact." Tex. Disciplinary R. Prof'l Conduct 3.08(a).   Thus the fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification.

*Ayres v. Canales*, 790 S.W.2d 554, 557-58 (Tex. 1990) (orig. proceeding). The movant must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice. *Ayres,* 790 S.W.2d at 558. Such prejudice can occur if a fact finder is confused as to whether a statement by an advocate-witness should be taken as proof or an analysis of the proof and an opposing party is thereby handicapped in challenging the credibility of the testifying attorney. *See Anderson Producing Inc. v. Koch Oil Co.,* 929 S.W.2d 416, 422 (Tex.1996). Absent such a showing, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." Tex. Disciplinary R. Prof'l Conduct 3.08 cmt. 10 (stating that a lawyer "should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness").

The motion to disqualify claimed relator's attorney may be a fact witness and that as such her dual role could cause actual prejudice based on three assertions: (1) relator's attorney took relator to open a bank account and documented the event by taking photographs;[1] (2) relator's attorney hired relator to work in her law office in spite of pleading relator is unable to work; and (3) relator's attorney assisted relator, either financially or otherwise, with her psychological or mental health care.

The hearing record reflects there was no evidence that relator's attorney is the only person in possession of facts regarding these allegations. *See In re Guidry*, 316 S.W.3d 729, 740 (Tex. App. -- Houston [14th Dist.] 2010, orig.

---

[1] We note the attempt to also disqualify relator's attorney on the basis she took photographs smacks of gamesmanship.

proceeding) (lawyer's testimony was necessary to establish an essential fact because other sources of proof would not reveal what the lawyer knew and when he knew it, crucial elements of the defense). Thus it was not shown the testimony of relator's attorney is necessary to establish an essential fact. Moreover, the record fails to demonstrate that the attorney's dual role, if she were a fact witness, would cause actual prejudice. *See Ayres*, 790 S.W.2d at 558 n. 2. In light of the fact the underlying proceeding is a bench trial, the risk of confusion cannot simply be presumed.

Because there was no evidence the attorney's testimony is necessary to establish an essential fact, and no evidence that actual prejudice would result if the attorney does testify as a fact witness, we find the trial court's abused her discretion in granting the motion to disqualify. Accordingly, we conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its April 2, 2013 order. The writ will issue only if the trial court fails to act in accordance with this opinion.

Relator's emergency motion for stay is denied as moot.


/s/    Sharon McCally
Justice


Panel consists of Justices Christopher, Jamison and McCally.