# IN THE SUPREME COURT OF TEXAS

No. 18-1053

IN RE COMMITMENT OF MAURICE BLUITT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

**Argued January 7, 2020**

JUSTICE DEVINE delivered the opinion of the Court.

Chapter 841 of the Texas Health and Safety Code, also known as the Civil Commitment of Sexually Violent Predators Act, grants a person accused of being a sexually violent predator "the right to appear at the trial" that will determine whether the person is a predator. TEX. HEALTH & SAFETY CODE § 841.061(d)(1). The issue here is whether that statutory right includes the accused's physical presence at the trial. Because the accused person in this case was in custody in another state, the trial court arranged for him to participate in the proceedings through videoconferencing. The accused, however, declined to participate in this manner, claiming that the statute gave him the right to appear at the trial in person. The court of appeals agreed, reversing the civil commitment order rendered in the accused person's absence and remanding the case to the trial court for further proceedings. 562 S.W.3d 665 (Tex. App.—Fort Worth 2018). Because we agree that Chapter 841 grants a person alleged to be a sexually violent predator the right to personally appear at the trial to determine that status, we affirm.

## I

Maurice Bluitt has a troubling history with the criminal justice systems of both Texas and Colorado. In 1987, he pled guilty to sexual assault in Texas and completed two years of deferred-adjudication probation. Several years later, he was charged with kidnapping and sexual assault in Colorado. Bluitt pled guilty to the kidnapping charge in 1998 and again was given probation. While back in Texas a year later, Bluitt was charged with indecency with a child by contact. He was convicted on that charge in 2000 and sentenced to twenty years. After serving sixteen years of that sentence, Bluitt was granted parole.

Before Bluitt's release, however, Colorado placed a detainer on him and took him into custody after Bluitt's parole. Colorado subsequently revoked Bluitt's probation, and, in 2016, he began serving a ten-year sentence on the Colorado kidnapping conviction. Meanwhile, the state's attorney in Texas filed a civil suit against Bluitt to determine whether Bluitt should be committed for treatment as a sexually violent predator following his release from prison. *See* TEX. HEALTH & SAFETY CODE §§ 841.001–.153.

Enacted over twenty years ago as Chapter 841 of the Texas Health and Safety Code, the Civil Commitment of Sexually Violent Predators Act sets out a "civil commitment procedure for the long-term supervision and treatment of sexually violent predators" on completion of their criminal sentences. *Id.* § 841.001; *see also In re State*, 556 S.W.3d 821, 822–24 (Tex. 2018) (discussing the chapter and its 2015 amendments). The chapter applies to persons with a "behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the [person] likely to engage in repeated predatory acts of sexual violence." TEX. HEALTH & SAFETY CODE § 841.001. The decision to pursue a civil commitment under the chapter

is made by "the attorney representing the state for the county in which the person was most recently convicted of a sexually violent offense" and is filed in the court of the last conviction. *Id.* §§ 841.023, .041. Before that decision is made, however, the person is assessed by a multidisciplinary team established by the executive director of the Texas Department of Criminal Justice, and the assessment shared with the state's attorney who decides whether to file suit. *Id.* §§ 841.022, .023, .041.

Although classified as a civil proceeding, the chapter has broad implications for the rights of those facing commitment as a sexually violent predator. The civil commitment is a supplement, not an alternative, to a prison sentence. The process of designating someone a sexually violent predator does not begin until the person is nearing the end of a prison term. *See id.* § 841.021 (providing for notice and the commencement of the process). And unlike the preceding prison term, the civil commitment is indeterminate. *Id.* § 841.081(a). It "begins on the person's release from a secure correctional facility and continues until the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence." *Id.*

The Texas Civil Commitment Office is the agency responsible for "providing appropriate and necessary treatment and supervision" and "developing and implementing a sex offender treatment program" for committed persons. *Id.* §§ 841.007, .083. The Office is further charged with developing a tiered treatment program to transition committed persons from "total confinement [] to less restrictive housing and supervision and eventually to release from civil commitment." *Id.* § 841.0831. Under a five-tiered treatment program, the Office evaluates a committed person's housing and movement through each tier "based on the person's behavior and

3

progress in treatment." *Id.* § 841.0831(b); *see also id.* § 841.0834 (describing movement between programing tiers). Presently, sexually violent predators are housed and supervised at a secure facility in Littlefield, Texas, during the first four tiers and are not transitioned to less restrictive housing until the final tier of treatment. This fifth tier of treatment and supervision typically takes place in the county of the committed person's last conviction. *Id.* § 841.0836.

Because a person prosecuted under Chapter 841 risks a serious deprivation of liberty if determined to be a sexually violent predator, the chapter provides several procedural protections. For example, an alleged predator is entitled to a speedy trial, which must commence before "the person's sentence discharge date" and within 270 days after service of the state's petition alleging predator status, although a continuance may be granted. *Id.* §§ 841.061(a), .063(a). The alleged predator has a right to a jury trial, and the jury's determination that the person is a sexually violent predator must be unanimous. *Id.* §§ 841.061(b), .062(b). Moreover, the state's burden of proof is beyond a reasonable doubt. *Id.* § 841.062. An alleged predator "is entitled to the assistance of counsel at all stages of the proceeding," and, if indigent, the right to appointed counsel. *Id.* § 841.144; *see also id.* § 841.005 (providing for indigent representation through the Office of State Counsel for Offenders). The chapter enumerates additional rights of the accused at trial, including the one at issue here: the alleged predator's "right to appear at the trial." *Id.* § 841.061(d)(1).

Because of his incarceration in Colorado, Bluitt was not free to attend the proceedings in person, but he nevertheless claimed he was entitled to do so under the statute. After the state's attorney was unable to reach an agreement with Colorado for Bluitt to travel to Texas for the civil-commitment proceeding, the state's attorney asked the trial court to allow Bluitt to participate through video. Bluitt responded by moving to dismiss the commitment proceeding. The trial court

4

denied Bluitt's motion, granted the state's, and arranged for Bluitt to participate in the trial by videoconferencing him into the proceedings, providing a fax line for the transmission of documents, and a private line for Bluitt's communications with counsel.

Bluitt declined to participate under this arrangement, insisting that he was entitled to personally appear at the trial. A jury trial proceeded without him. Bluitt's attorney, however, appeared on his behalf. At trial's end, a jury unanimously found Bluitt to be a sexually violent predator. *See id.* § 841.003 (defining sexually violent predator). The trial court rendered judgment on the jury's verdict, ordering Bluitt committed to the custody and control of the Texas Civil Commitment Office to begin on his release from the Colorado Department of Corrections.

Bluitt appealed. He claimed that the trial court's conduct of the trial without him was a violation of his statutory and constitutional rights. He further complained that he was denied his right to the effective assistance of counsel throughout the proceedings. The court of appeals did not reach the constitutional arguments, although it did express some concern in the matter. *See* 562 S.W.3d at 673 n.4 (noting "that proceeding to trial without the person's physical presence could present constitutional concerns" and citing *Kansas v. Hendricks*, 521 U.S. 346, 356–60 (1997), which evaluated Kansas's civil commitment statutory scheme in light of substantive due process concerns). The court found further discussion of these concerns unnecessary after holding that Chapter 841 itself guaranteed Bluitt's right to appear at the trial in person. *Id.* at 673 & n.4. The court accordingly reversed the commitment, remanding for the trial court to determine whether the case could be retried under the statute. *Id.* at 676.

The state appealed next, arguing that Chapter 841 does not grant the defendant an unqualified right to physically appear at the trial. The state's petition for review presents that

5

complaint as two issues: (1) whether the defendant's "right to appear at the trial" to determine whether the person is a sexually violent predator includes the defendant's physical presence at that trial, and (2) whether the trial court's efforts to include Bluitt in the trial sufficiently complied with the chapter's requirements, given that Bluitt's incarceration in another state prevented his physical presence.

## II

Under its first issue, the state contends that Bluitt's "right to appear at the trial" does not necessarily include his physical presence. TEX. HEALTH & SAFETY CODE § 841.061(d)(1). The state explains that an "appearance" in a case is a term of art that describes a procedure for coming into court as a party, or interested person, or as a lawyer on behalf of a party or interested party, and thus does not always require a party's physical presence. *Appearance*, BLACK'S LAW DICTIONARY 122 (11th ed. 2019). Similarly, the state points to our rules of civil procedure that recognize a party may appear in a case or make an appearance in open court in person or through an attorney. *See* TEX. R. CIV. P. 7 ("May Appear by Attorney"); TEX. R. CIV. P. 120 ("Entering Appearance"). These rules generally apply to the commitment case here because it is a civil proceeding. *See* TEX. HEALTH & SAFETY CODE § 841.146(b) (applying civil rules to the chapter except where in conflict or otherwise provided). Thus, the state submits that Bluitt's statutory "right to appear at the trial" was satisfied by the appearance of Bluitt's attorney.

The definition and civil rules on which the state relies speak to how a litigant may appear—either personally or through an attorney—but do not speak to the substance of the right itself. Because the chapter grants the defendant the "right to appear at the trial," the question is whether Bluitt had the right to appear personally or whether his appearance through an attorney could be

6

required instead. Having previously observed that it is a violation of Texas Rule of Civil Procedure 7 to order "a party to be represented by an attorney," we conclude that the right here is a personal one. *Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex. 1990) (orig. proceeding) (citing *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983)). Moreover, the statutory right is specific to a particular trial—the "trial to determine whether the person is a sexually violent predator"—rather than the more general procedural act of submitting to the court's jurisdiction. TEX. HEALTH & SAFETY CODE § 841.061(a).

### III

The state next argues that, even if Bluitt was entitled to be at his trial, the trial court's decision to permit his participation through videoconferencing was all that the chapter required. To support its argument, the state points to another provision in the chapter that approves the use of "closed-circuit video teleconferencing" for certain post-commitment hearings. *Id.* § 841.152. For example, the state is required to review the commitments of sexually violent predators biennially, at a minimum. During these reviews, the trial court can decide that a hearing is necessary to determine whether probable cause exists to continue the person's commitment as a sexually violent predator. *Id.* § 841.102(c). A probable cause hearing under the chapter is essentially a new trial at which the state must again meet its burden of proof beyond a reasonable doubt and at which "the committed person is entitled to be present and to have the benefit of all constitutional protections provided to the person at the initial civil commitment proceeding." *Id.* § 841.103(c). The state submits that, if videoconferencing is sufficient when a person "is entitled to be present" for the probable cause hearing, which is essentially a new trial, it is similarly

7

sufficient when the person has a "right to appear at the [original] trial." *Id.* §§ 841.061(d)(1), .103(c), .152.

The court of appeals disagreed. It concluded that the chapter's express provision for closed-circuit video teleconferencing in lieu of the committed person's personal presence was limited to the post-commitment hearings identified in the videoconferencing provision. 562 S.W.3d at 671–72. Because the provision did not also mention the initial commitment trial, the court reasoned that the Legislature did not intend video as a substitute for the accused's right to appear at that trial. *Id.*

When interpreting statutes, we presume the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). And when the statute's language is unambiguous, we interpret it according to its plain meaning, informed by context and consistent with the statute's other provisions. *Id.* at 439, 441. The videoconferencing provision quite clearly applies only to certain post-commitment hearings: "a hearing on the modification of civil commitment requirements under Section 841.082 or a hearing under Subchapter F or G." TEX. HEALTH & SAFETY CODE § 841.152. Subchapter F pertains to the committed person's biennial review and any related hearings, such as the probable cause hearing, that may be necessary to determine the person's progress in overcoming the diagnosed behavioral abnormality. *Id.* §§ 841.101–.103. Subchapter G pertains to petitions for the committed person's release and related hearings, which includes petitions initiated by the Office of Civil Commitment (so-called "authorized" petitions) and those initiated by the committed person (termed "unauthorized" because they may be filed without the Office's authorization). *Id.* §§ 841.121–.124. All of the

hearings are post commitment. The videoconferencing provision does not mention the initial trial that "determine[s] whether the person is a sexually violent predator." *Id.* § 841.061. That trial is conducted under Subchapter D, which sets out the rights of the accused, including the aforementioned right to appear at the trial. *See id.* §§ 841.061–.065.

We thus agree with the court of appeals that Bluitt's right to appear at the trial included the right to appear in person and concur with the court's decision to remand the case for the trial court to determine whether the case can be retried within Chapter 841's constraints. As the court of appeals notes, the chapter requires trial within 270 days of the petition's service, but it also permits continuances beyond that deadline for good cause or when the "administration of justice" so requires. *See* 562 S.W.3d at 676 (citing TEX. HEALTH & SAFETY CODE §§ 841.061(a), .063(a)). In fact, the trial here was conducted after the 270th day because of a continuance. *Id.* The chapter, however, also sets an outer limit for the trial, providing that the trial date may not be continued past "the person's sentence discharge date." TEX. HEALTH & SAFETY CODE §§ 841.061(a)(2), .063(b). We cannot determine from this record or the parties' arguments whether a trial can be conducted that complies with Chapter 841 and accordingly agree with the court of appeals' decision to remand the case to the trial court for further proceedings.

*  *  *

The judgment of the court of appeals is affirmed.

_____
John P. Devine
Justice

**OPINION DELIVERED**: May 15, 2020

9