**REVERSE AND REMAND and Opinion Filed September 21, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-20-00452-CV

**DANIELLE ARMSTRONG-BRILEY, Appellant**

**V.**

**RONALD CHRISTOPHER BRILEY, Appellee**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-05997**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

Danielle Armstrong-Briley ("Wife") appeals the trial court's dismissal with prejudice of her suit against Ronald Christopher Briley ("Husband"). In four issues, Wife argues that the trial court erred (i) in disqualifying her counsel's firm because Husband failed to prove that disqualification was required, (ii) by dismissing the suit without providing Wife the opportunity to present evidence, (iii) in concluding that Wife could not meet her burden of proof, and (iv) in concluding that jeopardy had attached.

We conclude that Husband did not meet his burden to show that disqualification was required, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Husband and Wife were divorced, and the final decree required that Husband transfer certain assets and mineral documents to Wife. Wife alleged that Husband failed to comply and initiated this action for contempt, enforcement, and clarification of the decree.

At trial, Wife's counsel called his firm's paralegal to testify that the firm had not received the documents. Husband's counsel objected and moved to disqualify Wife's firm based on TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Specifically, Husband's counsel argued that disqualification was required because the paralegal was a necessary witness in the case. The trial court disqualified Wife's counsel and dismissed the parties from the courtroom.

Wife obtained new counsel who entered an appearance on December 17, 2019, but no further proceedings occurred. On January 10, 2020, the court entered a final judgment dismissing Wife's action with prejudice and finding that Wife could not meet her burden of proof. Wife now appeals from that judgment.[1]

---

[1] Husband argues we have no jurisdiction because the appeal is from the denial of a contempt order. The contempt issue, however, was dismissed prior to the entry of final judgment, and the final judgment disposes of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001) (absent a conventional trial, a judgment is final if it disposes of all parties and claims or states with unmistakable clarity that it is a final judgment).

–2–

## II. ANALYSIS

Wife's first issue argues that Husband did not meet his burden to show that disqualification was required. We agree.

We review a trial court's ruling on a motion to disqualify for an abuse of discretion. *Hendricks v. Barker*, 523 S.W.3d 152, 157 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In so doing, we consider whether the trial court acted in an arbitrary or unreasonable manner, or without reference to any guiding rules or principles. *Id.* A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). Thus, the trial court's failure to apply the proper legal standard to a motion to disqualify counsel constitutes an abuse of discretion. *Cimarron Agricultural, Ltd. v. Guitar Holding, L.P.*, 209 S.W.3d 197, 203 (Tex. App. — El Paso 2006, no pet.).

Husband's motion to disqualify was based on Disciplinary Rule 3.08 (a). This rule was promulgated as a disciplinary standard rather than one of procedural disqualification, but the Texas Supreme Court has recognized that the rule provides guidelines relevant to a disqualification determination. *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 421 (Tex.1996) (citing *Ayres v. Canales*, 790 S.W.2d 554, 556 n. 2 (Tex.1990)). The rule provides:

> (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

–3–

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a).

It is well established that "[d]isqualification is a severe remedy." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex.1990). Disqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 423 (Tex. 2002). Thus, "[m]ere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice" to merit disqualification. *Spears*, 797 S.W.2d at 656. Moreover, that a lawyer serves as both an advocate and a witness does not in itself compel disqualification. *See Ayres*, 790 S.W.2d at 557–58; *In re Chu*, 134 S.W.3d 459, 464 (Tex. App.—Waco 2004, orig. proceeding).

Disqualification is only appropriate if the lawyer's testimony is "necessary to establish an essential fact." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Consequently, the party requesting disqualification must demonstrate that the

opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice. *Ayres*, 790 S.W.2d at 558. Without these limitations, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a) cmt. 10 (stating that a lawyer "should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness").

"Rule 3.08 is grounded principally on the belief that the finder of fact may become confused when one person acts as both advocate and witness." *Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex. 1996) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 4 (1989); *Ayres*, 790 S.W.2d at 557 n. 4). "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 4 (1989). The rule reflects the concern that an opposing party may be handicapped in challenging the credibility of a testifying attorney. *See Ayres*, 790 S.W.2d at 557 n. 4.

Neither party addresses whether the rule applies to paralegals. *See, e.g., In re Reeder*, 515 S.W.3d 344, 354 (Tex. App.—Tyler 2016, no pet.) (nothing in plain

language of the rule indicates that it applies to paralegals).[2] But we need not decide that question here. *See* TEX. R. APP. P. 47.1. Assuming without deciding that the rule applies, Husband did not meet his burden to show that disqualification was required.

As Wife's counsel explained to the trial court, the paralegal was not a necessary witness, and her testimony was not required to prove Wife's case. Indeed, the paralegal's testimony was offered only to demonstrate that documents requested from opposing counsel had not been received. Counsel explained to the court that neither he nor his paralegal needed to testify, and he could prove his case through his expert witness and his client.

In response, Husband offered nothing to support the conclusion that the paralegal would testify to an essential fact on which the Wife had the burden of proof. Husband argued generally that the paralegal was an essential witness based on her proffered testimony about the document production. Husband's counsel's failure to produce documents, however, does not establish that Husband violated the terms of the decree. Likewise, on appeal, Husband does not explain how the paralegal's testimony about document production concerned anything of substance or was more than a formality.

---

[2] Father argues that the rule applies to paralegals because Rule 5.03 holds paralegals to the same standards as attorneys. We disagree. Rule 5.03 provides that attorneys have a duty to supervise paralegals. TEX. DISCIPLINARY R. PROF'L CONDUCT 5.03.

In this trial to the bench, it is not clear how a paralegal's testimony about document production might confuse the fact finder about the firm's role as an advocate. The trial court, having been presented no evidence of the necessity of the paralegal's testimony, could not reasonably have concluded that the paralegal's testimony was essential to establish an essential fact of Wife's case.

Wife's first issue is sustained. Our resolution of this issue obviates the need to consider Wife's remaining issues. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

200452F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DANIELLE ARMSTRONG-BRILEY, Appellant

No. 05-20-00452-CV     V.

RONALD CHRISTOPHER BRILEY, Appellee

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-18-05997. Opinion delivered by Justice Garcia. Justices Schenck and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant DANIELLE ARMSTRONG-BRILEY recover her costs of this appeal from appellee RONALD CHRISTOPHER BRILEY.

Judgment entered September 21, 2021.